IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WHITE CAP CONSTRUCTION SUPPLY, INC.,

Plaintiff,

v.

TIGHTON FASTENER AND SUPPLY
CORPORATION d/b/a TIGHTON TOOLS &
FASTENERS, INC.; MATT UPDIKE; MIKE
NENEMAN; RICH WHITE; GREG ASCHE;
JASON JARZYNKA; and BILL SHUMAKER,

Defendants.

Case No. 8:08-CV-264

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION TO COMPEL INITIAL
DISCLOSURES**

Plaintiff White Cap Construction Supply, Inc. ("White Cap") hereby submits this brief in support of White Cap's Motion to Compel, which requests the Court compel Defendant Tighton Fastener and Supply Corporation d/b/a Tighton Tools & Fasteners, Inc. ("Tighton Tools") to supplement its Initial Disclosures required under Fed. R. Civ. P. 26(a)(1) by providing the specific knowledge for each witness it has disclosed in support of its defense.

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(a)(1), Tighton Tools is required to provide White Cap with the subjects of the information for each person it has identified as having discoverable information.  To date, Tighton Tools has failed and refused to do so, despite White Cap's requests.  Instead, with respect to each witness disclosed, Tighton Tools has vaguely stated that each witness will address "all issues related to pending litigation." or a variation of that language.  These vague statements of the subject matter of the disclosed witnesses' knowledge are insufficient under Rule 26(a)(1) and are clearing meant to hamper White Cap's ability to

4833-9269-0436.2

complete discovery.  Accordingly, White Cap seeks to compel Tighton Tools to supplement its

disclosures by providing the specific subjects on which each listed individual has information.

## II.  STATEMENT OF FACTS

Tighton Tools served its Rule 26(a)(1) disclosures on White Cap on May 29, 2009.

(Filing No. 59).   Tighton Tool's disclosures set forth the following information regarding

individuals likely to have discoverable information:

> Dan Williams.  7820 L Street, Omaha, NE 68127; 402-331-5550.  All issues relating to pending litigation.

> Matt Updike.  7820 L Street, Omaha, NE 68127; 402-331-5550.  All issues relating to claim against Matt Updike and Defendant Tighton Fastener & Supply Corporation.

> Mike Neneman.  7820 L Street, Omaha, NE 68127; 402-331-5550.  All issues relating to claim against Mike Neneman and Defendant Tighton Fastener & Supply Corporation.

> Rich White.  Total Tool, Omaha, NE; 402-592-7385.  All issues relating to claim against Rich White and Defendant Tighton Fastener & Supply Corporation.

> Greg Asche.  7820 L Street, Omaha, NE 68127; 402-331-5550.  All issues relating to claim against Greg Asche and Defendant Tighton Fastener & Supply Corporation.

> Jason Jarzynka.  7820 L Street, Omaha, NE 68127; 402-331-5550.  All issues relating to claim against Jason Jarzynka and Defendant Tighton Fastener & Supply Corporation.

> Bill Shumaker.  7820 L Street, Omaha, NE 68127; 402-331-5550.  All issues relating to claim against Bill Shumaker and Defendant Tighton Fastener & Supply Corporation.

> Ed Hunter.  7820 L Street, Omaha, NE 68127; 402-331-5550.  Issues relating to pending litigation.

> Michael Tran.  7820 L Street, Omaha, NE 68127; 402-331-5550.  Issues relating to pending litigation.

> Scott Carlson.  7820 L Street, Omaha, NE 68127; 402-331-5550.  Issues relating to pending litigation.

Dale Williams.  7820 L Street, Omaha, NE 68127; 402-331-5550.  Issues relating to pending litigation.

Greg Grundmayer.   7820 L Street, Omaha, NE 68127; 402-331-5550. Issues relating to pending litigation.

Scott Reiss.  7820 L Street, Omaha, NE 68127; 402-331-5550.  Issues relating to pending litigation.

Ted Johnson.  7820 L Street, Omaha, NE 68127; 402-331-5550.  Issues relating to pending litigation.

Ted Topolski.  White Cap, Omaha, NE; 402-592-1250.  Issues relating to pending litigation.

Jim Milstead.  White Cap, Omaha, NE; 402-592-1250.  Issues relating to pending litigation.

Christina Klima.  Bellevue, NE; 402-291-8613.  Issues relating to pending litigation.

Dan Optiz.  7820 L Street, Omaha, NE 68127; 402-331-5550.  Issues relating to pending litigation.

Various employees at White Cap Construction Supply, Inc.

Counsel for parties.

(O'Hara Aff. ¶ 2. Ex. A, pp. 1-3).

Counsel for White Cap, Gillian O'Hara, conferred with counsel for Tighton Tools, Kevin McCoy, by telephone on June 11, 2009, at which time Ms. O'Hara asked Mr. McCoy to supplement Tighton Tools' Rule 26(a)(1) disclosure to include the subjects of information for each individual disclosed.  (O'Hara Aff. ¶ 3).  By letter dated June 16, 2009, Ms. O'Hara again requested Tighton Tools to supplement its Rule 26(a)(1) disclosures in this regard.  (O'Hara Aff. ¶ 4, Ex. B, pp. 2-3).  To date, Tighton Tools has failed and refused to disclose the subject matter of the knowledge of its witnesses.  (O'Hara Aff. ¶ 5).  Because this issue has not been satisfactorily resolved, White Cap now seeks an order from the Court requiring Tighton Tools to supplement its Rule 26(a)(1) disclosure by providing this information.

## III.  ARGUMENT

The scope of discoverable information is delineated in Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(a)(1) requires in relevant part as follows:

> . . . [A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—**along with the subjects of that information**—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A) (emphasis added).  "A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." *Credit Suisse Sec. (USA) LLC v. Hilliard*, No. 8:07CV17, 2007 WL 1362455, at *4 (D. Neb. Apr. 25, 2007).

To be sure, "Rule 26(a)(1) disclosures are designed to accelerate the exchange of basic information and 'help focus the discovery that is needed, and facilitate preparation for trial or settlement.'" *Id.* (quoting Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a)).  The purpose of such disclosures is to provide the parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Id.* In fact, "counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions." *Id.*

Such sanctions are permitted under Rule 37 of the Federal Rules of Civil Procedures, which states, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).

Sanctions may include payment of the moving party's reasonable expenses incurred in making the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A).

The United States District Court for the District of Nebraska has granted motions to compel where parties have failed identify the subject matter upon which a witness may testify as required by Rule 26(a)(1)(A).  S*ee Creighton St. Joseph Reg'l Healthcare, LLC v. Lakeland Eng'g Equip. Co.*, No. 8:07CV113, 2007 WL 4052064, at *1 (D. Neb. Nov. 13, 2007) (granting motion to compel where initial disclosures served by defendants identified 15 individuals likely to have discoverable information but failed to identify the subjects of the information).

As detailed above, Tighton Tools identified 18 individuals that it intends to use to support its defense but then failed to provide the subject matter of the information known for any of the witnesses as required by Rule 26(a)(1)(A)(i).  Rather, it has made broad statements regarding the subject matter of each witness's knowledge such as "all issues relating to claim" and "issues relating to pending litigation."  (O'Hara Aff. ¶ 2, Ex. A). These vague descriptions are clearly insufficient, as they provide no insight into each witness's actual knowledge about the case.

To further illustrate this deficiency, Tighton Tools describes its president, Dan Williams, who is alleged to have solicited White Cap's employees and White Cap's concrete customers, as having the same knowledge of information as its warehouse employee, Ed Hunter, who, upon information and belief, makes deliveries to concrete customers.  (O'Hara Aff. ¶ 2, Ex. A). Indicating a witness has knowledge of "issues relating to pending litigation", with no variance for individual knowledge of the underlying facts or events, is clearly insufficient to satisfy the purpose of Rule 26(a).  Moreover, Tighton Tools named eight individuals, which it has never identified in any manner prior to its Initial Disclosures, then failed to provide any context for the subjects of information on which these individuals supposedly have knowledge.

4833-9269-0436.2

5

Tighton Tools also made claims in its Answer that it did not address or attribute in its disclosures. Specifically, Tighton Tools claimed that two White Cap employees introduced Tighton Tools to Matt Updike and then purported to comment that the "environment at White Cap was deteriorating" and they were "seeking employment elsewhere." (Filing No. 21, ¶ 33). Tighton Tools identified 18 individuals but never attributed these comments, or the parties involved in this alleged introduction, in its Rule 26(a)(1) disclosures.

These inadequate disclosures purposefully hinder White Cap's ability to formulate appropriate discovery requests to the witnesses disclosed or determine who should be deposed. White Cap has made a good faith effort to confer with Tighton Tool's counsel on two separate occasions to secure appropriate Rule 26(a)(1) disclosures but Tighton Tools had refused to cooperate. White Cap respectfully requests the Court enter an order compelling Plaintiff to supplement its Rule 26(a)(1) disclosures, by a date certain, and to provide White Cap with the subject matter of the information for each witness disclosed.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant White Cap's Motion to Compel. The Court should also award White Cap its reasonable attorney's fees and expenses incurred in preparing its Motion to Compel as provided by Fed. R. Civ. P. 37(a)(5)(A).

Dated this 14th day of July, 2009.

White Cap Construction Supply, Inc.

By: s/Gillian G. O'Hara

Marcia Washkuhn #21022
Gillian G. O'Hara #22414
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2186
(402) 346-6000

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2009, I electronically filed the foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL INITIAL DISCLOSURES** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

David J. Koukol – dkoukol@downtownomahalaw.com
Karisa D. Johnson – kjohnson@downtownomahalaw.com
Clay M. Rogers – crogers@smithgardnerslusky.com
Kevin J. McCoy – kmccoy@dwyersmith.com

 s/ Gillian G. O'Hara
Gillian G. O'Hara

4833-9269-0436.2

7