IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WHITE CAP CONSTRUCTION SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| TIGHTON FASTENER AND SUPPLY CORPORATION d/b/a Tighton Tools & Fasteners, Inc.; MATT UPDIKE; MIKE NENEMAN; RICH WHITE; GREG ASCHE; JASON JARZYNKA; and BILL SHUMAKER, | ) ) ) ) ) ) ) ) | 8:08CV264<br><br>MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

On February 25, 2009, the plaintiff's ("White Cap") claims against Individual Defendants (Matt Updike, Mike Neneman, Rich White, Greg Asche, Jason Jarzynka, Bill Shumaker) were stayed in this court pending the completion of arbitration. The claims against defendant Tighton Fastener and Supply Corporation ("Tighton") were not stayed and proceeded to discovery.

The following discovery disputes between White Cap and Tighton are now pending and ripe for decision:

| | |
|---|---|
| Filing 61 | Tighton's Motion to compel Rule 26(a)(1) disclosures, responses to interrogatories and requests for production of documents |
| Filing 65 | Plaintiff's Motion for Protective Order (made in response to Tighton's Motion to Compel) |

Fed. R. Civ. P. 37(a) provides that motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." NECivR 7.0.1(i) imposes a similar requirement. It appears that the parties may have made some attempt to resolve some of these issues prior to filing the motions.

## BACKGROUND

White Cap and Tighton are business competitors. White Cap supplies specialty hardware, tools, and materials to professional construction contractors. Tighton supplies fasteners, power tools and ancillary consumables. Between January 28, 2008 and March 3, 2008, the majority of White Cap's Nebraska sales force (including the Individual Defendants) left White Cap and went to work for Tighton. In this lawsuit, White Cap alleges that Tighton used White Cap's confidential customer information to solicit business from White Cap's customers, to White Cap's financial detriment. Tighton denies these allegations.

## DISCUSSION

### A.  Filing 61, Tighton's Motion to Compel

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

Tighton did not file any brief in support of its Motion to Compel (Filing 61), although it did file the "verbatim recitation of each interrogatory, request, answer, response, or objection that is a subject of the motion." Tighton basically alleges, without further discussion, that White Cap did not fully respond to its various discovery requests and should be compelled to provide more information. Apparently, White Cap withheld certain business information it deems to be confidential and proprietary.

The court has reviewed Tighton's discovery requests and White Cap's responses thereto. To the extent the substantive issues were briefed by White Cap (Filing 71), the court finds that White

Cap's explanations are, for the most part[1], reasonable.

The court finds that Tighton's failure to brief any of the substantive issues of law raised in a motion has resulted in a waiver or abandonment of those issues. NECivR 7.0.1(a)(1)(A) & (B).

**B.  Filing 65, White Cap's Motion for Protective Order**

White Cap states that the information or documents responsive to several of Tighton's discovery requests would consist of confidential, proprietary information and trade secrets. Acknowledging that such information could be relevant to damages calculations, White Cap appears willing to produce the information subject to a protective order; however, Tighton does not agree that a protective order is necessary. In any event, the parties could not agree to the entry of a protective order governing confidential, proprietary information and trade secrets.

Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." The order may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In this jurisdiction, litigants commonly stipulate to protective orders governing the production of confidential business information. The corporate parties to this action are direct competitors and White Cap contends that Tighton and the individual defendants "siphoned away" White Cap's business, customers and employees in 2007-2008. In this context, White Cap does not want to give

---

[1] The use of general objections to interrogatories is not favored. Under Fed. R. Civ. P. 33(b)(4), "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Similarly, Rule 34(b)(2) requires the responding party to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.... An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B) & (C). The parties are advised that this court will, on its own volition, disregard all boilerplate general objections asserted by any party.

Tighton direct and complete access to its profit, sales and customer information. The main issue of contention appears to be the inclusion of a provision allowing a party to designate information as "Confidential – Attorneys' Eyes Only." Tighton insists that such a provision would impede its defense.

The purpose for including an "attorneys' eyes only" provision in a protective order is to avoid "an unacceptable risk of or opportunity for 'inadvertent disclosure' of confidential information." *See Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405 (N.D. Ill. 2006). In this case, Tighton is White Cap's direct competitor. The court is persuaded that, in the context of the parties' claims and defenses, disclosure of White Cap's confidential business information directly to Tighton, its principals, or the individual defendants would give Tighton a competitive advantage over White Cap. Even assuming that Tighton would not intentionally misuse the confidential information obtained during discovery, Tighton could inadvertently misuse the confidential information in conducting its business. The entry of an "attorneys' eyes only" provision would serve to reduce this risk, which I deem to be significant.

The court finds that a protective order should be entered, in substantially the form proposed by White Cap, including the contested "attorneys' eyes only" provision. The protective order, which will be entered separately, will also include the following language:

> Any party may challenge the "Confidential" designation of any document, by moving the court for an order allowing disclosure. The party challenging the "Confidential" designation of any document shall give all other parties at least fourteen (14) days notice before filing a motion with the court, and the parties shall attempt to resolve any disagreement before submitting it to the Court. If a party challenges the "Confidential" designation of the document(s), the documents at issue shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the court has made a ruling with respect to the motion. In the event of a challenge to the designation of a particular document as Confidential, the party making the designation shall bear the burden of establishing that the document is entitled to protection under Fed. R. Civ. P. 26(c) or other applicable law.

The court is confident that counsel for the parties will use care and discretion in invoking the "attorneys' eyes only" designation.

White Cap shall produce all documents and information previously withheld as "confidential" no later than November 30, 2009.

**IT IS ORDERED** that Tighton's Motion to Compel (Filing 61) and White Cap's Motion for Protective Order (Filing 65) are granted in part, and denied in part, as set forth in this Memorandum and Order. White Cap shall produce all documents and information previously withheld as "confidential" no later than **November 30, 2009.** Tighton's motion is denied in all other respects. A protective order will be entered separately.

**DATED November 13, 2009.**

                            **BY THE COURT:**

                            **s/ F.A. Gossett**
                            **United States Magistrate Judge**