## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WHITE CAP CONSTRUCTION SUPPLY, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| vs. | ) ) ) | |
| **TIGHTON FASTENER AND SUPPLY CORPORATION d/b/a Tighton Tools & Fasteners, Inc.; MATT UPDIKE; MIKE NENEMAN; RICH WHITE; GREG ASCHE; JASON JARZYNKA; and BILL SHUMAKER,** | ) ) ) ) ) ) ) ) | **8:08CV264**<br><br>**PROTECTIVE ORDER** |
| **Defendants.** | ) | |

**WHEREAS,** discovery in the above-captioned action has and may continue to involve the production of documents and information which Plaintiff White Cap Construction Supply, Inc. ("White Cap") represents to be confidential and proprietary and asserts the disclosure of such information outside the scope of this litigation or any related arbitration could result in significant injury to its business interests,

**IT IS HEREBY ORDERED:**

1.   This Protective Order is entered for the purpose of preventing the disclosure and use of Confidential Information (as defined in Paragraph 2 below) by any Party or non-party except as set forth herein.  The terms of this Protective Order shall apply to any information or materials produced by any Party or non-party as part of discovery in this action.  Each and every attorney with the law firms representing the Parties in this case shall be deemed to be subject to this Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

2.   **Definition of "Confidential Information."**  Under the terms of this Protective Order, "Confidential Information" means any document, file, portions of files, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made

therefrom – not made available to the public – and designated by one of the Parties or a non-party, in the manner provided in Paragraph 3 below, as containing or comprising confidential research, development, or financial information or other trade secrets or proprietary business information. In connection with this Protective Order, Confidential Information shall constitute one of three categories of information or materials, as follows:

    a.    **"Confidential Material"** shall be information or materials the release of which would harm the commercial or business interests of the designating Party. Such materials may only be so designated if they are not otherwise publicly available.

    b.    **"Confidential – Attorneys' Eyes Only"** shall be information or materials which relates to highly sensitive financial, personnel or marketing matters and proprietary information for which any unprotected disclosure would harm the commercial or business interests of the designating Party. Such information or materials may only be so designated if they are not otherwise publicly available.

3.    **Designation of "Confidential Information."** Where any kind of Confidential Information is produced, provided or otherwise disclosed by a Party or a non-party in response to any discovery request or subpoena, including by means of entry onto land or premises or by inspection of books, records, documents, or tangible things, such Confidential Information will be designated in the following manner:

    a.    By imprinting the words "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, on at least the first page or cover of any document produced;

    b.    By imprinting the words "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, within, next to or above any response to a discovery request; and

    c.    With respect to transcribed testimony, either during the deposition on the record, or by giving written notice to opposing counsel sufficient to designate such portions as "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, no later than 10 calendar days after receipt of the transcribed testimony.

During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given is deemed "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate. If during the course of a deposition, a document or other material that has previously been designated "Confidential" or "Confidential – Attorneys' Eyes Only" is used, then that particular portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

4. **Any party may challenge the "Confidential" designation of any document, by moving the court for an order allowing disclosure.** The party challenging the "Confidential" designation of any document shall give all other parties at least fourteen (14) days notice before filing a motion with the court, and the parties shall attempt to resolve any disagreement before submitting it to the Court. If a party challenges the "Confidential" designation of the document(s), the documents at issue shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the court has made a ruling with respect to the motion. In the event of a challenge to the designation of a particular document as Confidential, the party making the designation shall bear the burden of establishing that the document is entitled to protection under Fed. R. Civ. P. 26(c) or other applicable law.

5. **Restrictions on Confidential Information.** All Confidential Information provided by a Party or a non-party in response to a discovery request or as transcribed testimony shall be subject to the following restrictions:

    a. **"Confidential Material":**

    i. "Confidential Material" shall be used only for the purpose of this litigation or any related arbitration and not for any business or other purpose whatsoever.

    ii. "Confidential Material" shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation or any related arbitration.

iii.   "Confidential Material" may only be disclosed or communicated to the following persons:

(a)   The Parties' outside counsel of record in this action and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

(b)   The Parties' in-house counsel;

(c)   No more than five employees of each of the Parties whose assistance is needed by counsel for the purposes of this litigation;

(d)   Consultants;

(e)   Graphics or design services firms retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

(f)   Non-technical jury or trial consulting services retained by counsel for a Party;

(g)   Document reproduction or coding services retained by counsel for a Party; or

(h)   The finder of fact or concluder of law.

iv.   Undertaking:  Confidential Materials may be disclosed only to the persons listed in Paragraph 5.a.iii, subparagraphs (c), (d), (e) and (f) only after such persons have executed a declaration in the form attached as Exhibit A.

**b.   "Confidential – Attorneys' Eyes Only" Material:**

i.   "Confidential – Attorneys' Eyes Only Material shall be used only for the purpose of this litigation or any related arbitration and may not be used for any other purpose outside the reasonable conduct of this case.

      ii.  The receiving Party's counsel shall not communicate or disclose information or documents designated as "Confidential – Attorneys' Eyes Only" to the receiving Party or the receiving Party's officers, employees, or directors, including the receiving Party's in-house counsel, either directly or indirectly.

      iii.  The receiving Party's counsel shall ensure that the information is disclosed or communicated only to persons as designated above in Paragraph 5.a.iii, subparagraphs (a), (d), (e), (f), (g) and (h).  "Confidential – Attorneys' Eyes Only" may be disclosed to those persons listed in Paragraph 5.a.iii, subparagraphs (d), (e) and (f) only after such persons have executed a declaration in the form attached as Exhibit B.

    6.  **Use of Confidential Materials in Court Proceedings.**  In the event any material designated "Confidential Material" or "Confidential – Attorneys' Eyes Only" is used in any court filing or legal proceeding, including, but not limited to, its use at trial or a related arbitration, it shall not lose its confidential status as between the Parties through such use.  Any memorandum, brief, or other pleading that contains Confidential Information in the body of the document shall be prominently labeled on the applicable pages with the following legend:  "Contains Confidential Information Subject To Protective Order."

    **The parties are hereby given leave, as necessary, to file all documents containing Confidential Information as restricted documents pursuant to the E-Government Act of 2002.  See NECivR 5.0.3(c).**

    7.  **Continuing Duty.**  The termination of this action shall not relieve counsel, the Parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court or a designated arbitrator or arbitration panel shall retain continuing jurisdiction to enforce the terms of this Protective Order.  The Parties agree that in no event shall the obligations of this Protective Order continue beyond two years from the final disposition of this matter, by order, award, settlement or otherwise.

    8.  **Protective Order Not Admission.**  By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject

to it. Furthermore, by producing or receiving information or material designated "Confidential Material" or "Confidential – Attorneys' Eyes Only" or by otherwise complying with the terms of this Protective Order, such conduct shall not be deemed to:

    a.   Operate as an admission by any Party that any designated material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

    b.   Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any designated information;

    c.   Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

    d.   Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    e.   Prejudice in any way the rights of any Party to seek a determination by the Court, arbitrator or arbitration panel whether any information or material should be subject to the terms of this Protective Order;

    f.   Prejudice in any way the rights of any Party to petition the Court, arbitrator or arbitration panel for a further protective order relating to any purportedly Confidential Information; or

    g.   Prevent the Parties from agreeing in writing or on the record during a deposition, hearing in this action or a related arbitration to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

    9.   **Obligations After Final Disposition.** The provisions of this Protective Order shall, absent written permission of the producing Party, or further order of the Court, arbitrator or arbitration panel, continue to be binding throughout and after the conclusion of this action, including any appeals or remands. Within 60 days after receiving notice of the entry of an award, order,

judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall return such materials and all copies thereof (including summaries and excerpts) to counsel for the producing Party or shall certify destruction thereof.  The outside counsel for each Party shall be entitled to retain court papers, deposition transcripts, and attorney work product that contains, reflects or summarizes Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information to any person or entity except pursuant to a written agreement with the producing Party.  All materials returned to the Parties or their counsel by the Court, arbitrator or arbitration panel likewise shall be disposed of in accordance with this Paragraph.

10.   **No Bar to Seeking Further Relief.**  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court, arbitrator or arbitration panel, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial or a related arbitration proceeding.

11.   **Treatment of Confidential Information at Trial.**   In the event any Confidential Information is to be used in any court or arbitration proceeding or any appeal therefrom, counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such proceeding, and shall move the Court, arbitrator or arbitration panel to incorporate such procedures.

12.   **Examination of Witnesses Regarding "Confidential Information."**  Any person may be examined as a witness at trial, arbitration or during a deposition concerning any information or material that has been designated "Confidential Information" which that person had lawfully received or authored prior to and apart from this action.  During such examination, any such witness may be shown information or material designated "Confidential Information" which appears on its face or from other documents or testimony to have been received or authored by that witness.  Whenever a person appears from the face of a document that has been designated "Confidential Information" to have been the author or lawful recipient of that document, such person may be shown, but not

permitted to retain custody of, that specific document shown to them despite the restrictions on access set out in Paragraph 5 of this Protective Order.

        13. **Inadvertent Production of Undesignated/Misdesignated Confidential Information.** If a Party inadvertently produces Confidential Information without marking it as such, or with a designation that is insufficient for the level of confidentiality that should be attached to the material, it may be disclosed to others until the receiving Party becomes aware of the error, unless it appears from the face of the material that it contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party. As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely and correctly designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

        14. **Inadvertent Production of Privileged Materials.** If a Party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute a waiver of any applicable privileges. In such circumstances, the producing Party must immediately notify the receiving Party of the inadvertent production and request the return or confirmed destruction of the privileged materials. Within five business days of receiving such notification, the receiving Party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production.

        15. **Obligations Under Subpoena in Other Action.** If a Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a Party to this action, seeking Confidential Information which it received from the other Party, the Party so served shall give prompt, written notice to the producing Party, by hand or electronic service, within 10 business days of its receipt of such subpoena, demand, or legal process. The Party so served shall also object to the production of the requested Confidential

Information to the extent permitted by law. Should the person seeking access to the information or material take action against the Party, or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party, or anyone else covered by this Protective Order, to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**DATED November 13, 2009.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**

**EXHIBIT A – "Confidential Material"**

**DECLARATION OF** _____

_____ swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in this action, *White Cap Construction Supply, Inc. v. Tighton Fastener and Supply Corporation, et al.*, Civil Action No. 8:08-CV-264 in the United States District Court for the District of Nebraska, a copy of which is attached to this Declaration.

2. I have been informed by _____, Esq., counsel for _____, that I will be given access to information, documents or other materials that have been defined as "Confidential Material" under the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any "Confidential Material," or any other Confidential Information, shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation or related arbitration. I will not use the Confidential Information for any commercial purpose.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above, or to any related arbitration.

5. I will abide by the terms of the Protective Order.

Signature: _____

_____
(Print or Type Name)

Address: _____

_____

Telephone Number: _____

**EXHIBIT B – "Confidential – Attorneys' Eyes Only" Material**

**DECLARATION OF _____**

_____ swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in this action, White Cap Construction Supply, Inc. v. Tighton Fastener and Supply Corporation, et al., Civil Action No. 8:08-CV-264 in the United States District Court for the District of Nebraska, a copy of which is attached to this Declaration.

2. I have been informed by _____, Esq., counsel for _____, that I will be given access to information, documents or other materials that have been defined as "Confidential Material" and/or "Confidential – Attorneys' Eyes Only" and which were produced by the opposing Party subject to the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any "Confidential Material" or "Confidential – Attorneys' Eyes Only" Material or any other Confidential Information, shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation or a related arbitration. I will not use the Confidential Information for any commercial purpose.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above, or to the jurisdiction of any related arbitration.

5. I will abide by the terms of the Protective Order.

Signature: _____

_____
(Print or Type Name)

Address: _____

_____

Telephone Number: _____