## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WHITE CAP CONSTRUCTION SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| TIGHTON FASTENER AND SUPPLY CORPORATION d/b/a Tighton Tools & Fasteners, Inc.; MATT UPDIKE; MIKE NENEMAN; RICH WHITE; GREG ASCHE; JASON JARZYNKA; and BILL SHUMAKER, | ) ) ) ) ) ) ) ) | 8:08CV264<br><br>ORDER |
| Defendants. | ) | |

This matter is before the court on the plaintiff's "Motion to Compel Initial Disclosures" (Filing 68) and "Motion to Compel Answers to Interrogatories and Requests for Production of Documents" (Filing 87). The movant has complied with the requirements of NECivR 7.0.1(i) and Fed. R. Civ. P. 37(a)(1), which require the party seeking discovery to confer in good faith with the party failing to make disclosure in an effort to obtain the discovery without court action.

    **A. Motion to Compel Initial Disclosures (Filing 68)**

Under Fed. R. Civ. P. 26(a)(1)(A)(i), all of the parties in this lawsuit are required, ***without awaiting a discovery request***, to provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information — ***along with the subjects of that information*** — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" (Emphasis added).

The record shows that Tighton Fastener and Supply Corporation ("Tighton") disclosed the names and contact information of 18 individuals, yet revealed only that these 18 individuals would have information about "issues relating to pending litigation."  In response to this motion, *see* Filing 74, Tighton complains that the plaintiff filed a motion to compel initial disclosures only because Tighton had already filed a discovery motion against the plaintiff.  Tighton asserts that the plaintiff has not been prejudiced and can obtain the information by serving written discovery or taking depositions.[1]

Initial disclosures pursuant to Rule 26(a)(1) must be based upon information then reasonably available to the disclosing party.  Under Rule 26(g), the attorney or party making the Rule 26(a)(1) disclosures must sign those disclosures, "thereby certifying that 'to the best of the signer's knowledge, information, and belief, formed after a ***reasonable inquiry***, the disclosure is complete and correct as of the time it is made.'"  *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (emphasis in original).

A major purpose of the initial disclosure requirement "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information[.]"  Advisory Committee Notes to 1993 Amendments to Rule 26(a).  The requirement

---

[1] The number of interrogatories and depositions that may be taken in federal court litigation is limited by Rules 30(a)(2)(A) and 33(a).  It would be unfairly prejudicial to require the plaintiff to use its limited number of depositions and interrogatories to obtain information that should have been voluntarily disclosed by Tighton many months ago pursuant to Rule 26(a)(1).

Tighton was, in fact, asked by interrogatory to identify all persons who claim to have knowledge of facts or opinions relating to Tighton's claims or defenses and to provide a summary of each person's said knowledge.  In response, Tighton named 13 individuals, only 10 of whom were previously disclosed pursuant to Rule 26(a)(1), with the response, "See Rule 26 Disclosures."

that parties disclose the subjects of the individuals' information is intended to "assist other parties in deciding which depositions will actually be needed." *Id. See also Doyle v. First Federal Credit Union*, 2007 WL 1231809 at *1, Case No. 06-0049 (N.D. Iowa, Apr. 25, 2007). "Initial disclosures should provide the parties 'with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement.'" *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (quoting *Windom v. FM Industries, Inc.*, 2003 WL 21939033 (D. Neb. 2003)).

> In short, the Rule 26(a)(1) disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations." *See* Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a). *See also Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 589 (D.N.J. 1997) (Rule 26 disclosure requirement should be applied with common sense). Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions.

*Sender v. Mann*, 225 F.R.D. at 650.

The court finds that Tighton's initial disclosures do not comply with the requirements of Rule 26(a)(1)(A). The court is far from persuaded that Tighton's professed inability to understand the allegations of the Complaint prevented it from conducting a reasonable inquiry and serving complete and meaningful initial disclosures. There is no indication in the file that Tighton has ever supplemented its initial disclosures as required by Rule 26(e). Indeed, considering the content and tone of its response to this motion, Tighton does not appear to believe that it even has any obligation to fully comply with Rule 26(a)(1)(A).

The court further finds that Tighton's nondisclosure was not substantially justified, that the Motion to Compel Initial Disclosures (Filing 68) should be granted, and the plaintiff is entitled to

recover its reasonable expenses (including attorney's fees) incurred in making the motion to compel initial disclosures. *See* Fed. R. Civ. P. 37(a)(5).

Tighton has had more than enough time to conduct a reasonable inquiry and is hereby ordered to supplement its Rule 26(a)(1)(A) disclosures no later than **January 22, 2010**. Failure to do so is likely to result in the imposition of sanctions pursuant to Fed. R. Civ. P. 37(b)(2).

**B.  Motion to Compel Answers to Interrogatories and Requests for Production of Documents" (Filing 87)**

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged," that is relevant to the claim or defense of any party. Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

All discovery is subject to the limitations imposed by Rule 26(b)(2), and the court must limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties'


resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. at 671. If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Id*.

**1. Requests for Production of Documents**

Plaintiff served Tighton with requests for production of documents on June 29, 2009. *See* Filing 64, Certificate of Service filed July 10, 2009. Tighton did not serve responses to the document requests until August 28, 2009. *See* Filing No. 78. Tighton did not request any extension of time to respond to discovery prior to the expiration of the deadline, and its attorneys acknowledged by email to plaintiff's counsel that a representative of Tighton would not even review the discovery responses until August 18, 2009. *See* Filing 89-6 (Plaintiff's Exhibit E).[2]

---

[2]Tighton appears to contend that the plaintiff agreed to an "informal" extension, some time after its response deadline had expired. In this district,

> If stipulations to extend the time stated in Federal Rules of Civil Procedure 33, 34, and 36 for responses to discovery would interfere with court imposed discovery deadlines, motion deadlines, or trial dates, the stipulations are effective only upon court order. All other discovery stipulations are effective when the parties file a written stipulation signed by all parties that specifies the agreed upon change.

NECivR 29.1.

Fed. R. Civ. P. 34(b)(2) requires the responding party to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons....  An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B) & (C).

Federal courts long have ruled that failing to timely object to a document request constitutes a waiver of any objection:

> If a party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.... "Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."

*Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (emphasis in original).  *See also, e.g., United States Fidelity & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1340 (M.D. Fla. 2007); *Industrial Risk Insurers v. D.C. Taylor Co.*, 2008 WL 2219932 at *4, Case No. 06-171 (N.D. Iowa, May 28, 2008); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000).  In *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005), the district court held:

> [I]mplicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown.

The court, in its discretion, may decline to compel the production of requested documents, even if no timely objection was made, if the requests far exceed the bounds of fair discovery.  *Krewson v. City of Quincy*, 120 F.R.D. at 7.

The court has reviewed the plaintiff's requests for production of documents, together with the thorough analysis and explanation provided in Exhibit H to plaintiff's Evidence Index (Filing 89-

9, 9/22/2009 letter of Gigi G. O'Hara to Kevin J. McCoy), and finds that all of the requests are appropriate under Fed. R. Civ. P. 26(b) and do not "far exceed the bounds of fair discovery." The court further finds that Tighton's responses were generally evasive and incomplete. *See* Fed. R. Civ. P. 37(a)(4). Tighton's objections to plaintiff's document requests are deemed waived.

For example, in Request No. 3 Tighton was asked to produce "any and all documents identified in, relied upon or in any way related to Tighton Tools' Rule 26(a)(1) Initial Disclosures." Tighton vaguely responded that it "relied upon employment agreements of the co-defendants and exceptions therein." The court has already determined that Tighton's Rule 26(a)(1) initial disclosures were sanctionably inadequate. Even considering the incomplete disclosures Tighton actually made pursuant to Rule 26(a)(1), the court does not believe that Tighton's production of the employment agreements of the six individual co-defendants is responsive to all of the 18 individuals it identified.

Several other document requests seek information pertaining to Tighton's "Industrial Division" and "Concrete Division." The plaintiff has shown that Tighton advertises the services of its "Concrete Division" and its "Industrial Division" to the general public, promoting its "vast selection of the concrete products and accessories for your construction projects" and "tools and fasteners for industrial accounts all over Nebraska and Iowa." *See* Filing 89-14 (Exhibit M to plaintiff's Evidence Index). In its discovery responses, Tighton ingenuously stated that it had no industrial division or concrete division and, thus, no responsive materials; it uses the terms "industrial division" and "concrete division" only as a marketing tool. Mr. McCoy's letter of October 1, 2009, Filing 89-13 (Plaintiff's Exhibit L), even appears to ridicule plaintiff's counsel for discussing in detail the deficiencies in Tighton's discovery responses and for requesting information about

Tighton's industrial and concrete divisions, even though Tighton publicly describes its business operations in those terms.

Tighton actively markets its products and services sold through its industrial and concrete divisions, and knows (or certainly should know) exactly what those products and services are. It would be quite remarkable if Tighton was unaware of any financial information related to its advertised industrial and concrete products and services, or the inventory and physical facilities required to support these products and services. Tighton is advised that if, upon receiving this order, it continues to insist that it has no "divisions" and cannot be bothered to produce segregated information as to its concrete and industrial operations and sales, it could be ordered to produce information about *all* of its operations and sales for the time period specified.

Finally, I note that none of the untimely objections asserted by Tighton involved any claim of privilege, attorney work-product, or business confidentiality. In most instances, Tighton merely stated, without any useful elaboration, that the information sought was irrelevant. In its response to the motion to compel, Tighton suggests that it refused to timely provide responsive financial information because the court did not enter a protective order until November 2009. Tighton, however, never sought a protective order. The court also recalls that Tighton would not agree to the entry of the protective order requested by the plaintiff and entered by this court on November 13, 2009. *See* Filings 91 & 92.

Tighton subsequently filed a Notice (Filing 101) that it served supplemental responses to plaintiff's requests for production of documents on December 15, 2009. The adequacy of those responses has not yet been challenged.

In summary, the court finds that Tighton's responses to plaintiff's requests for production of documents were not timely served. Tighton did not provide any credible explanation for failing to serve timely responses. Tighton's untimely responses and objections did not comply with the requirements of Fed. R. Civ. P. 34 and were deficient in the respects detailed in plaintiff's counsel's September 22, 2009 letter to Mr. McCoy. Tighton's objections to the requests are all deemed waived. In the alterative, Tighton's objections to the requests are all denied on their merits. Because Tighton's nondislosure, responses and objections to plaintiff's requests for production of documents were not substantially justified, the plaintiff is entitled to recover its reasonable expenses (including attorney's fees) incurred in making the motion to compel responses to its requests for production of documents. *See* Fed. R. Civ. P. 37(a)(5).

**2. Interrogatories**

Plaintiff served interrogatories on Tighton on July 7, 2009. *See* Filing 64, Certificate of Service. Tighton was electronically served with the Certificate of Service (Filing 64) on July 10, 2009. By that date, Tighton and its attorneys knew or should have known that the plaintiff's interrogatories existed; however, Tighton claims it did not actually receive the interrogatories until plaintiff's counsel inquired about overdue responses and sent defense counsel a second copy by e-mail on or about August 12, 2009. (Filing 89-4, Plaintiff's Exhibit C). Tighton's served its responses to the interrogatories on September 9, 2009.[3]

---

[3]Plaintiff's Certificate of Service does not divulge the method it used to serve the interrogatories, and the court is advised only that they were served "in the same manner" that the requests for production of documents were served–possibly by e-mail or fax, which is permitted in this district. *See, e.g.*, NECivR 5.5(b). For purposes of this motion, the court will assume, without deciding, that Tighton did not receive the interrogatories on July 7, 2009 and will not deem Tighton's objections abandoned as untimely served.

The substance of the Motion to Compel involves Tighton's failure or refusal to identify all persons who claim to have knowledge of facts or opinions relating to Tighton's claims or defenses and to provide a summary of each person's said knowledge, *see* n.1, *supra*; Tighton's non-specific "relevance" objections; and Tighton's refusal to produce relevant information because it has no "concrete division" or "industrial division."

Tighton's objections to the interrogatories are all denied on their merits. Because Tighton's nondislosure, responses and objections to plaintiff's interrogatories were not substantially justified, the plaintiff is entitled to recover its reasonable expenses (including attorney's fees) incurred in making the motion to compel responses to its interrogatories. See Fed. R. Civ. P. 37(a)(5).

### ORDER

**IT IS ORDERED:**

1. Plaintiff's "Motion to Compel Initial Disclosures" (Filing 68) is granted.

2. Plaintiff's "Motion to Compel Answers to Interrogatories and Requests for Production of Documents" (Filing 87) is granted.

3. Tighton is ordered to serve complete responses to plaintiff's Interrogatories and Requests for Production of Documents no later than **January 22, 2010.**

4. Tighton is ordered to supplement its Rule 26(a)(1)(A) disclosures no later than **January 22, 2010.**

5. Pursuant to Fed. R. Civ. P. 37(a), plaintiff is entitled to recover its reasonable expenses (including attorney's fees) incurred in making its "Motion to Compel Initial Disclosures" (Filing 68) and its "Motion to Compel Answers to Interrogatories and Requests for Production of Documents"

(Filing 87).  The parties are given until **February 12, 2010** to reach an agreement as to the amount of the fee award.  If the parties are unable to reach an agreement, plaintiff may file a "Motion for Attorney Fees" no later than **March 1, 2010**.

        **DATED January 12, 2010.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**