IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WHITE CAP CONSTRUCTION SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| TIGHTON FASTENER AND SUPPLY CORPORATION d/b/a Tighton Tools & Fasteners, Inc.; MATT UPDIKE; MIKE NENEMAN; RICH WHITE; GREG ASCHE; JASON JARZYNKA; and BILL SHUMAKER, | ) ) ) ) ) ) ) | 8:08CV264<br><br>ORDER |
| Defendants. | ) | |

      This matter is before the court on the plaintiff's ("White Cap") Motion for leave to file a first amended complaint (Filing 105). Defendants Updike, Neneman, Asche, Jarzynka and Shumaker (the "Individual Defendants") object (see Filing 111). Defendants White and Tighton Fastener and Supply Corporation ("Tighton") did not file a response to the motion.

      The parties' existing claims and defenses are discussed in the February 25, 2009 order approving the stipulation of White Cap and the Individual Defendants regarding arbitration (Filing 53). After conducting further discovery, White Cap learned that, in February 2008, defendant Updike had obtained a private call-in code for a telephone conference call between White Cap and its attorneys and used the code to secretly access a confidential telephone call during which White Cap's litigation strategy was discussed. At that time, Updike was working for Tighton and was no longer working for White Cap. White Cap seeks leave to amend its complaint to add claims against Tighton and Updike for "intercepted communications" under 18 U.S.C. § 2510, *et seq*.[1]

---

[1] 18 U.S.C. § 2520 provides that, with certain exceptions, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading should be freely given when justice so requires. The court may refuse to grant leave to amend a pleading "only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). The court finds that White Cap has shown good cause for filing this motion after the expiration of the deadline set in Filing 56, and finds that the motion should be granted.

**IT IS ORDERED** that plaintiff's Motion for leave to file a first amended complaint (Filing 105) is granted. Plaintiff shall file the Amended Complaint forthwith. A schedule for effecting service of the Amended Complaint will be discussed at the time of the telephonic planning conference on **March 29, 2010.**

**DATED March 26, 2010.**

                                         **BY THE COURT:**

                                         s/ F.A. Gossett
                                         **United States Magistrate Judge**