IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WHITE CAP CONSTRUCTION SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| TIGHTON FASTENER AND SUPPLY CORPORATION d/b/a Tighton Tools & Fasteners, Inc.; MATT UPDIKE; MIKE NENEMAN; RICH WHITE; GREG ASCHE; JASON JARZYNKA; and BILL SHUMAKER, | ) ) ) ) ) ) ) | 8:08CV264<br><br>ORDER |
| Defendants. | ) | |

This matter is before the court on plaintiff's ("White Cap") Motion for Leave to Add Parties and File a Second Amended Complaint (Doc. 189). In its response (Doc. 192), Tighton Fastener and Supply Corporation ("Tighton") objects to the motion as being untimely filed. Tighton further objects "that this case is not being prosecuted in the name of the real party in interest."

The deadline for filing motions for leave to amend the pleadings expired January 30, 2009.[1] In this instance, White Cap seeks leave to add HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. as "real-parties-in-interest plaintiffs." *See* Fed. R. Civ. P. 17.

The untimeliness of this motion is of concern. This lawsuit was filed June 25, 2008, with White Cap as the sole plaintiff. The subject of the lawsuit involves a specific store in Omaha, Nebraska ("Store 101"), where the individual defendants were previously employed. During discovery, White Cap produced Schedule K-1 tax records identifying "HD Supply Construction Supply, Ltd." as a partnership and White Cap as a member of the partnership. After receiving

---

[1] By order entered March 26, 2010 (Doc. 130), White Cap was allowed to amend its complaint after the January 30, 2009 deadline to add claims based on information obtained during discovery.

an informal inquiry from defense counsel, counsel for White Cap consulted with the client and learned that "HD Supply Construction Supply Group Inc." and "White Cap Construction Supply, Inc." were members of the partnership; however, "HD Supply Construction Supply Ltd." was actually the operating company for Store 101.

By affidavit (Doc. 191-1), in-house counsel for HD Supply, Inc.[2] advises that in April 2003, "White Cap Industries, Inc." acquired Store 101 from Kel-Welco Distributing, Inc. On April 30, 2004, Home Depot, Inc. purchased all the stock of White Cap Industries, Inc., including White Cap Industries, Inc.'s wholly owned subsidiary, White Cap Construction Supply, Inc. (the named plaintiff). Kel-Welco Distributing, Inc. was merged into White Cap Construction Supply, Inc. and White Cap Construction Supply, Inc. became the operating company for Store 101. White Cap Construction Supply, Inc. was the operating company for Store 101 until December 31, 2006, at which time, White Cap Industries, Inc. changed its name to "HD Supply Construction Supply Group, Inc." At or about the same time, a company restructuring occurred, creating "HD Supply Construction Supply Ltd." HD Supply Construction Supply Group, Inc. and White Cap Construction Supply, Inc. purchased interests and became limited partners in HD Supply Construction Supply Ltd. Although White Cap Construction Supply, Inc. remained a legal entity, HD Supply Construction Supply Ltd. became, and remains, the operating company for Store 101. "HD Supply White Cap Construction Supply" was registered as a trade name.

The Eighth Circuit has held that if a party moves for leave to amend a pleading after the deadline specified in the court's scheduling order has passed, the party must show cause to modify the schedule before the court may grant leave to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). This rule reflects the plain language of Fed. R. Civ. P. 16(b)(3), which requires the district courts to issue a scheduling order limiting the time to amend the pleadings. The rule specifically provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Sherman*, 532 F.3d at 717 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

---

[2]The affiant is not a litigation attorney and has had no role or responsibility in the filing or prosecution of this lawsuit.

Tighton opines that White Cap's motion should be denied because it should have known from the inception of this action that White Cap Construction Supply, Inc. was not the sole real party in interest as to the claims asserted in this case. A similar argument was addressed in *Caribbean Parts Agency, Inc. v. Hastings Mfg. Co., LLC*, 262 F.R.D. 88, 90 (D.P.R. 2009), where the court noted that "[t]he burden on a plaintiff seeking to amend a complaint becomes more exacting as the case progresses."

> Scheduling orders typically establish a cut-off date for amendments, which replaces the liberal default rule with the more demanding "good cause" standard of FED. R. CIV. P. 16(b)(4).... Whereas Rule 15(a) focuses on the moving party's bad faith, and the prejudice to the opposing party, Rule 16(b)(4)'s "good cause" standard emphasizes the diligence of the party seeking the amendment.... Therefore, the more a plaintiff delays, the more likely the motion to amend will be denied. This, added to factors such as whether the amendment requires the re-opening of discovery, additional costs, and substantial changes to the course of the case, will necessarily influence the court's decision....

(Citations omitted).

In *Caribbean Parts Agency*, the plaintiff ("CPA") belatedly sought leave to amend the complaint after learning during discovery that it had been incorrectly named as "Carribean Parts Agency," which was a variation of the trademark name "Carribean Parts Plus Agency," a "doing business as," or commercial name of ECL Enterprises, Inc. ("ECL"). The plaintiff requested that the name be modified to read as follows: "ECL Enterprises, Inc. d/b/a/ Carribean Parts Agency, Inc." The defendant objected, alleging that the motion was brought in bad faith. The plaintiff then filed a supplemental motion, alleging that the misnomer was a "good faith error made when drafting the original complaint." Applying the "good cause" standard of Fed. R. Civ. P. 16, the court considered whether (1) the party seeking the amendment was diligent in filing the motion, (2) the amendment required reopening discovery, (3) the amendment would cause additional costs, and (4) the amendment would result in substantial changes to the course of the case. 262 F.R.D. at 91.

On the factor of diligence, the plaintiff in *Caribbean Parts Agency* cited numerous exhibits establishing that ECL consistently used the name CPA during its regular course of

business, causing the misnomer at the outset of the case. The error was discovered during a deposition, the plaintiff filed its motion "exactly two days" after the error was discovered, and the court found the plaintiff was diligent in filing its motion. 262 F.R.D. at 91.

When this case was filed, White Cap Construction Supply, Inc. was named as the sole plaintiff because it had once been the controlling company for Store 101. White Cap Construction Supply, Inc. still has an ownership interest in the assets of Store 101 and is a real party in interest. Throughout the course of the action, all of the defendants have consistently referred to Store 101 as "White Cap." The individual defendants have all described themselves as former employees of White Cap. Defendant Updike's e-mail dated January 27, 2008 (Doc. 195-3, plaintiff's Ex. B) reflects that his place of business was "White Cap Construction Supply." "Within days" of learning that there were other parties in interest besides "White Cap Construction Supply, Inc.," defense counsel were advised that White Cap would need to amend the complaint to add an inadvertently omitted real party in interest. (Doc. 191-2, Aff. of Gillian O'Hara). This development was brought to the court's attention during a hearing on July 16, 2010, at which time White Cap was ordered to file its motion as soon as was practicable. (Docs. 175, 176 & 177). The motion was filed August 20, 2010, after counsel concluded their investigation and were able to verify that there were no other unnamed parties in interest besides HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. Under the circumstances, the court finds that the plaintiff has acted diligently in filing this motion.

Turning to the other factors discussed in *Caribbean Parts Agency*, the court notes that there is no longer any case progression order in effect, largely due to the defendants' belated and unsuccessful attempt to disqualify plaintiff's attorneys. To the court's knowledge, Tighton has not conducted or noticed any depositions, although it has been free to do so since February 25, 2009. Tighton's own exhibits demonstrate that Tighton has known of the "real party in interest" problem since at least June 6, 2010. There is no indication that Tighton conducted any discovery as to the real party in interest, even after being advised of the problem on June 6, 2010 (*see* Doc. 193-2, Tighton's Ex. 2). No motions for summary judgment or dismissal are pending. The relief sought in this case is specific to harm allegedly caused to Store 101 by the defendants. Counsel for White Cap represent to the court that they have supplemented White Cap's discovery responses and disclosures as necessary to reflect the ownership interests of HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. in Store 101.

Tighton and White Cap appear to agree that the statute of limitations has not yet run on any of the claims asserted in the Amended Complaint. Assuming, without deciding, that this is true, failure to allow the amendment would probably result in higher costs to all parties, since HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. would be required to file another lawsuit to protect their interests in Store 101. *Cf. Caribbean Parts Agency*, 262 F.R.D. at 92 ("Considering that the statute of limitations has not tolled for the action ... there would actually most likely be higher costs if the amendment were not granted, since it will presumptively precipitate ECL to bring the same case against Defendant.")

White Cap Construction Supply, Inc. is a real party in interest, as are HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. Based on the information presented to the court, joinder of HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. as plaintiffs appears to be proper under Fed. R. Civ. P. 20(a)(1).

For these reasons,

**IT IS ORDERED** that plaintiff's Motion for Leave to Add Parties and File a Second Amended Complaint (Doc. 189) is granted, as follows:

1. Plaintiff may file a Second Amended Complaint adding HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. as plaintiffs. The Second Amended Complaint must be filed and served no later than **September 20, 2010**.

2. The final pretrial conference now set for October 4, 2010 is cancelled.

3. The trial now set for the week of November 9, 2010 is cancelled.

4. Counsel shall, no later than **Monday, October 4, 2010**, file a joint motion presenting their proposed schedule for the completion of discovery. If any special accommodations regarding discovery are necessary or requested due to the addition of HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. as plaintiffs, those matters must be reflected in the proposed schedule or will be deemed waived.

5.    If counsel cannot agree to a schedule for the completion of discovery, the parties shall file separate motions no later than **Monday, October 4, 2010**, presenting their separately proposed schedules and explaining why they could not reach an agreement. Again, if any special accommodations regarding discovery are necessary or requested due to the addition of HD Supply Construction Supply, Ltd. and HD Supply Construction Supply Group Inc. as plaintiffs, those matters must be reflected in the proposed schedules or will be deemed waived.

**DATED September 8, 2010.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett, III**
> **United States Magistrate Judge**